IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FIREMAN'S FUND INSURANCE CO., et al.,

          Plaintiffs,

    v.

ED NIEMI OIL CO., INC., et al.,

          Defendants.

No. CV 03-0025-MO

OPINION AND ORDER

**MOSMAN, J.,**

Pending before the Court are defendants' Motion for Partial Summary Judgment Regarding Allocation of Defense Costs (#430), defendants' Motion for Partial Summary Judgment Regarding Potentially Applicable Policies (#434), and plaintiff's Motion for Leave to File Third Amended Complaint (#448). For the reasons stated below, I DENY both of the motions for partial summary judgment (#430, 434) and GRANT leave to file a third amended complaint (#448).

## BACKGROUND

At issue in this case is a dispute between insurers about their respective duties to defend the insured, former defendant Ed Niemi Oil Co. ("Niemi"), against any environmental actions brought against it by the Oregon Department of Environmental Quality ("DEQ"). Under Oregon statute, a property owner facing environmental liability can chose one insurer out of its group of potential insurers to assist in environmental proceedings. Or. Rev. Stat. § 465.480(3). Then, it is the responsibility of the chosen insurer to seek contribution from the others, if there are any. *Id.*

PAGE 1 - OPINION AND ORDER

§ 465.480(4).  Here, Niemi's potential insurers included Fireman's Fund Insurance Company ("Fireman's Fund"), Oregon Auto Insurance Company and North Pacific Insurance Company ("Oregon Auto/North Pacific" or collectively "defendant insurers"), and Federated Mutual Insurance Company ("Federated Mutual").  Niemi chose Fireman's Fund to assist with the pending DEQ proceedings.  In this action, Fireman's Fund seeks a declaratory judgment against the other insurers as to their respective obligations. The case has a lengthy procedural history, and as a result of settlements, the only remaining parties are plaintiff Fireman's Fund and defendant insurers Oregon Auto and North Pacific.

For the purpose of the motions currently pending before the Court, I briefly note a portion of the case's history. Plaintiffs and defendant insurers (along with Federated Mutual) filed a number of motions for summary judgment and partial summary judgment, from late 2004 through early 2005. I heard oral argument on those motions, issued some rulings on June 8, 2006 (*see* Civ. Mins. (#232)), and ordered supplemental briefing. I issued an Opinion and Order (#251) on November 14, 2005, then issued an additional Opinion and Order (#258) on January 20, 2006 following a motion for reconsideration.

## DISCUSSION

### I.  Partial Summary Judgment Regarding Allocation of Defense Costs

Defendant insurers acknowledge that "[a]t the June 8, 2005 hearing on prior motions for summary judgment, the Court held that ORS 465.480 applies to defense costs and that defense costs should be allocated 'pro-rata by time on the risk among the insurers.'" (Defs.' Mem. in Supp. (#431) 3 (footnotes omitted).) They claim, however, that "[t]he Court did not determine the

method for determining the 'time on the risk.'" (*Id.*)[1] Defendant insurers contend that "for each site, the Court must allocate pro rata based on the time that contamination actually took place at that specific site." (*Id.* at 2.)

Before addressing the merits of defendant insurers' legal arguments or describing the standard of review for arguments made on summary judgment, I take up Fireman's Fund's contention that "the Court has previously ruled against the Defendant Insurers' current position, including after a motion for reconsideration." (Pls.' Resp. (#442) 2.) It argues that "[t]here is no fair interpretation of this Court's prior rulings but that Defendant Insurers are required to contribute to defense costs based on policy years for which the possibility of coverage exists." (*Id.* at 6.) In response, defendant insurers argue that I merely addressed whether they had a *duty* to defend but not the "equitable allocation of any defense costs between insurers." (Defs.' Reply (#451) 3.)

I agree with Fireman's Fund that I did already decide this issue. First, it is obvious that I ruled on the duty to defend, as noted by defendant insurers. (*See* Op. & Order (#251).) My ruling on the allocation of any defense costs between insurers is equally clear, and conceded by both Fireman's Fund and defendant insurers—I ruled that defense costs should be allocated "pro rata by time on the risk among the insurers." (Mot. Hr'g Tr. 71, June 8, 2005.) At the same hearing, I discussed "allocation on the basis of pro rata by time on the risk" with defendant insurers (joined

---

[1] Despite defendant insurers' acknowledgment that I already ruled that defenses costs should be allocated by time on the risk, they spend at least some of the instant motion arguing time on the risk is the appropriate allocation for defenses costs, as opposed to "equally among all insurers with a defense obligation." (Defs.' Mem. in Supp. (#431) 5-6 (citing cases from Oregon and other jurisdictions that "favor time on the risk allocation of defense costs").) No question should remain about whether defense costs should be allocated equally (no) or according to time on the risk (yes).

PAGE 3 - OPINION AND ORDER

at that time by Federated Mutual), who acknowledged that the numerator to the applicable fraction was "know[n] with certainty." (Mot. Hr'g Tr. 84.) That numerator, described by defendant insurers, is "the period of time during which [they] issued coverage to entities that were in existence and had some tie to these sites." (*Id.*)

Federated Mutual then conceded that "Your Honor has indicated that [the denominator is] the period of time the [collective] insurers provided coverage," described by that defendant as June 1, 1971 through March 29, 1986. (*Id.* at 84-85.) Over defendants' objection, I agreed with the expression of the denominator as clarified by Federated Mutual, despite defendant insurers' "disagreement with my ruling about the period covered by contamination." (*Id.* at 87.) My ruling from the June 8, 2005 hearing falls within Fireman's Fund's interpretation that defendant insurers are required to contribute defense costs based on policy years for which the possibility of coverage is at issue based on allegations of the claim.

Because I previously ruled on this issue, I decline to undertake the same analysis again. I therefore DENY defendant insurers' Motion for Partial Summary Judgment Regarding Allocation of Defense Costs (#430).

**II.     Motion for Partial Summary Judgment Regarding Potentially Applicable Policies**

In their next motion, defendant insurers request a site-by-site ruling establishing "the first possible date that each site could have been added to any alleged Defendant Insurers' policy." (Defs.' Mem. in Supp. (#435) 3.) They argue that "there is insufficient evidence to create an issue of fact as to coverage existing during certain alleged years of coverage for the various sites." (*Id.* at 2.) As with the prior motion, Fireman's Fund contends that the issues defendant insurers now raise are issues previously "raised and argued." (Pl.'s Resp. (#445) 3.) Again, I address this issue

before any discussion on the merits of defendant insurers' summary judgment arguments.

In my November 9, 2005 Opinion and Order (#251), I stated that the "issue regarding which Niemi properties and entities were covered by the policy at which time" was a more complicated issue than the duty to defend. (Op. & Order (#251) 9.) Fireman's Fund and defendant insurers both argued for summary judgment on the issue of coverage and both parties addressed the relevance of Knutsen business practices, a topic that the parties re-argue in the instant motion. (*See id.* at 9-11; Defs.' Mem. in Supp. (#435) 5-6; Pl.'s Resp. (#445) 6-7.) In response to defendant insurers' arguments, I found that, "at a minimum, the evidence produced by Fireman's Fund creates a factual dispute." (Op. & Order (#251) 11.) I initially granted summary judgment for Fireman's Fund on this issue, but later reconsidered and specifically held that "this issue must be presented to the factfinder as there is a genuine issue of disputed fact." (Op. & Order (#258) 2.) I held that "the following issues remain to be resolved at trial: (1) when, if ever, the Svenson, Cardlock/BulkPlant, Midtown, Warrenton, and Highway Services sites became subjects of the defendant insurers' insurance contract, and (2) whether the DEQ has made a 'complaint' against Niemi in relation to the Highway Services site sufficient to trigger a duty to defend." (*Id.* at 5.)

The parties spent months briefing issues to this Court about the precise contours of coverage, and I specifically described the issues that remained for trial. I already determined that the specific questions of policy coverage were better suited for trial, given the genuine issues of material fact presented by both sides. The arguments set forth by defendant insurers in this motion are similar to prior arguments, and I decline to undertake the same analysis again at this late juncture. I therefore DENY defendant insurers' Motion for Partial Summary Judgment Regarding Potentially Applicable Policies (#434). The "issue regarding which Niemi properties

PAGE 5 - OPINION AND ORDER

and entities were covered by the policy at which time" remains an issue for trial. (*See* Op. & Order (#251) 9.)

### III.   Motion for Leave to File Third Amended Complaint

Fireman's Fund moves for leave to file a third amended complaint, which "eliminates all claims no longer at issue in this case, clarifies the remaining claim against Defendant Insurers and focuses on the issues remaining between Fireman's Fund and the Defendant Insurers." (Pl.'s Mem. in Supp. (#449) 3.)

Federal Rule of Civil Procedure 15(a)(2) governs leave to amend a pleading, stating that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Ninth Circuit instructs courts to analyze four factors in addressing whether to allow amendment: "(1) bad faith on the part of the plaintiffs; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

Defendant insurers first contend that Rule 16 applies to Fireman's Fund's request because the deadline for amending the pleadings has passed. (*See* Defs.' Resp. (#456) 3.) I find, however, that the Third Amended Trial Management Order, entered February 3, 2009, is the applicable scheduling order, allowing a motion to amend up to thirty days prior to the pretrial conference. (*See* Third Am. Trial Management Order (#400).)

Defendant insurers correctly point out that Fireman's Fund has previously amended its complaint, and whether the rather late motion constitutes "undue delay" is at the very least a valid question. I am persuaded, though, that Fireman's Fund does not make this request in bad faith.

Additionally, I do not believe defendant insurers will be prejudiced by the amendment. While defendant insurers allege that the amended complaint "contains new [or changed] allegations," they cite specifically to paragraphs 9-15 and 17, which merely describe factual background that defendant insurers will presumably contest at trial. (*See* Defs.' Resp. (#456) 4 n.2-3.)[2] The Third Amended Complaint does not add new causes of action or parties, and it does not prove futile. Given the lengthy procedural history of the case, and the fact that the case has largely been on hold pending appeal to the Ninth Circuit dating back to 2006, the issues have narrowed substantially and an amended complaint serves to reflect those changes and direct the parties to the remaining issues for trial. Therefore, I GRANT plaintiff's Motion for Leave to File Third Amended Complaint (#448).

## CONCLUSION

For the reasons given above, I DENY defendants' Motion for Partial Summary Judgment Regarding Allocation of Defense Costs (#430) and Motion for Partial Summary Judgment Regarding Potentially Applicable Policies (#434), and I GRANT plaintiff's Motion for Leave to File Third Amended Complaint (#448).

IT IS SO ORDERED.

DATED this   15th   day of December, 2009.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

---

[2] Defendant insurers contest addition of the Cardlock site to the Complaint, but that site has been at issue throughout the case, including in arguments by both sides and in my rulings.